**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ernest R. POPE, Jr., Defendant–Appellant.**

**No. 95CA0858.**

Colorado Court of Appeals, Div. III.

Sept. 4, 1997.

Certiorari Pending Nov. 28, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clemmie P. Engle, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Ernest R. Pope, appeals the judgment entered on a jury verdict finding him guilty of one count of forgery. We reverse and remand for a new trial.

Premised on allegations that defendant forged an endorsement on a Medicaid check payable to a physician, he was charged with one count each of forgery, theft, solicitation to commit forgery, and solicitation to commit theft. Trial resulted in the conviction at issue here.

I

Defendant contends that the trial court committed reversible error by denying his challenge for cause of a prospective juror pursuant to § 16–10–103(1)(k), C.R.S. (1986 Repl.Vol. 8A). We agree.

Section § 16–10–103(1), C.R.S. (1986 Repl. Vol. 8A) provides:

> The court shall sustain a challenge for cause on one or more of the following grounds:

> (k) The juror is a lawyer....

In *Binkley v. People*, 716 P.2d 1111 (Colo. 1986), our supreme court affirmed the trial court's denial of the defendant's challenge for cause to a prospective juror pursuant to § 16–10–103(1)(k) because the prospective juror, who had previously been licensed to practice law, had allowed her license to expire and had not practiced law thereafter. After noting that, as it is used in § 16–10–103(1)(k), the term "lawyer" is synonymous with the term "attorney at law," the court held that a "lawyer" is "a person who is licensed to practice law in one of the states or federal territories at the time the person is called into the jury box for voir dire examination." *Binkley v. People, supra*, 716 P.2d at 1114.

Here, the challenged juror stated during voir dire that he was a former member of the attorney general's office, that he had retired in April 1989, (six years before defendant's trial) and that he had, some time after December 1993, sent a written request to the

office of attorney registration to be transferred to inactive status.

C.R.C.P. 227(6) provides, in relevant part:

(a) Notice. An attorney who has retired or is not engaged in practice shall file a notice in writing with the Clerk that he or she desires to transfer to inactive status and discontinue the practice of law.

(b) Payment of fee—Filing of Statement. Upon the filing of the notice to transfer to inactive status, the attorney shall no longer be eligible to practice law but shall continue to pay the fee required under section (1)(a) above and file the statements and supplements thereto required by this rule on an annual basis.

The prospective juror here further stated that he had not, at the time of the voir dire examination, received confirmation from the office of attorney registration that he had been transferred to inactive status.

After the trial court denied defendant's challenge for cause, defendant exercised one of his peremptory challenges to eliminate the prospective juror. Defendant exhausted all of his remaining peremptory challenges.

■ A trial court is without discretion and must sustain a challenge for cause by removing a prospective juror from the jury pool if it is established that the juror falls into one of the categories set forth in § 16–10–103(1), and a challenge is made to the prospective juror on that basis. *People v. Macrander,* 828 P.2d 234 (Colo.1992).

■ A trial court's erroneous denial of a defendant's challenge for cause, followed by the defendant's exercise of a peremptory challenge to strike the challenged juror and exhaustion of his or her remaining peremptory challenges, affects a defendant's substantial rights by, in effect, depriving the defendant of the guaranteed number of peremptory challenges. Such a denial cannot, therefore, be deemed harmless error. *People v. Macrander, supra.*

■ Even if we assume that the prospective juror was transferred to inactive status (which is unclear from the record), he was, by his own testimony, still licensed to practice law (unlike the prospective juror in

*Binkley*). Moreover, pursuant to C.R.C.P. 227(6)(b), the prospective juror's license had not been terminated upon the filing of the notice to transfer to inactive status, but rather, he was merely "no longer eligible to practice law." Because the prospective juror retained his license to practice law, we conclude that he was a "lawyer" under § 16–10–103(1)(k), *See Binkley v. People, supra,* and thus, the trial court's denial of defendant's challenge for cause constituted reversible error. *See People v. Macrander, supra.*

This conclusion is supported by C.R.C.P. 227(7), which provides that the request to transfer to active status, made by a lawyer who was previously on inactive status pursuant to C.R.C.P. 227(6), shall be granted "upon the payment of any assessment in effect for the year the request is made and any accumulated arrearages for non-payment of inactive fees" unless the lawyer "is subject to an outstanding order of suspension or disbarment." This provision demonstrates that the transfer to active status is based solely upon the satisfaction of certain administrative requirements and does not involve the reinstatement of a lawyer's license to practice law. Accordingly, we interpret C.R.C.P. 227(7) as further support for our conclusion that the prospective juror retained his license to practice law even if he had been transferred to inactive status.

## II

Defendant contends that the complicity instruction contained a misstatement of the law and its submission to the jury was, therefore, error. We agree and direct the trial court on retrial to instruct the jury in accordance with *People v. Rodriguez,* 914 P.2d 230 (Colo. 1996).

## III

In view of our disposition of the issues discussed above, we decline to address the remaining issues raised by defendant because we do not anticipate that they will arise on retrial.

The judgment is reversed and the cause is remanded for a new trial in accordance with the views expressed herein.

HUME and TURSI*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.)